APR - 2 2004

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

REGINALD ROBINSON,                         )
6236 Targon Court                          )
Fort Washington, Maryland 20744-3131       )
                                           )
        Plaintiffs,                        )
                                           )
v.                                         )    Case #  **AMD** 04 CV 1071
                                           )
H&E MANAGEMENT ASSOCIATES, LTD.            )
10903 Indian Head Highway, Suite 403       )
Fort Washington, Maryland  20744           )
                                           )
        and                                )
                                           )
ROBERTA E. HAIR                            )
11810 Pitt Drive                           )
Fort Washington, Maryland 20744            )
                                           )
        and                                )
                                           )
KAPLAN & KAPLAN, P.A.                      )
The Towne Building                         )
11 E. Mount Royal Avenue                   )
Baltimore, Maryland 21202                  )
                                           )
        Defendants                         )

---

## COMPLAINT AND JURY TRIAL DEMAND

### *Preliminary Statement*

1.      Count I of this Complaint is brought to recover actual damages, statutory damages, costs and

attorneys fees from Defendants for violations of the Fair Debt Collection Practices Act,

("FDCPA"),15 U.S.C. § 1692e and §1692f, for using false and deceptive means to mislead or coerce

debtors into providing payment on the Plaintiff's homeowner's assessments.

2.      Count II of this Complaint is to recover actual damages, statutory damages, costs and attorneys fees

from Defendants for violating the Maryland Consumer Debt Collection Act (MCDCA), Maryland

Commercial Law article (CL) § 14-202.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the claims set forth in Counts I under 15 U.S.C. § 1692k(d) and 28

U.S.C. § 1337.  The Court has supplemental jurisdiction over the claim in Count II pursuant to 28

U.S.C. § 1367.

4.      Venue is proper in this judicial District because all parties reside in this District, Defendants

attempted to collect a debt from Plaintiff in this District, and the injury occurred in this District.

## PARTIES

5.      Plaintiff, Reginald Robinson is a Maryland resident living at 6236 Targon Court, Fort Washington,

Maryland 20744-3131.

6.      Defendant H&E Management Associates, Ltd. ("H&E") is a Washington, D.C. corporation, with a

principal Maryland office located at 10903 Indian Head Highway, Suite 403, Fort Washington,

Maryland 20744. H&E also maintains an office at 405 8th St., NE, Washington, D.C. The resident

agent of H&E is Freeman P. Hair, 11810 Pitt Drive, Fort Washington, MD 20903.  One of the

principal purposes of H&E is the collection of debts using the mails and/or telephone, and H&E

regularly attempts to collect debts alleged to be due another.  H&E is not licensed to do business as

a collection agency by the Maryland Department of Labor, Licensing and Regulation.

7.      Defendant Roberta E. Hair ("Hair") is an individual and employee of Defendant H&E.  Hair is not

licensed to do business as a collection agency by the Maryland Department of Labor, Licensing and

Regulation.

2

8.      Defendant Kaplan & Kaplan, P.A. ("Kaplan") is a law firm which regularly collects the debts of

others. Kaplan's principle office is at The Towne Building, 11 E. Mount Royal Avenue, Baltimore,

Maryland 21202.  Kaplan is licensed to do business as a collection agency by the Maryland

Department of Labor, Licensing and Regulation with license # 1134.

9.      All Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and

"collectors" as that term is defined by the MCDCA, CL § 14-201(b).

## FACTS ALLEGED

### H&E Management's and Hair's first letter on April 9, 2003

10.     On or about April 9, 2003 Defendants H&E and Hair sent Plaintiff a letter to attempt to collect a

debt Plaintiff allegedly owed the Prophecy Homeowners Association, Inc, for past due

homeowners fees.  H&E's April 9, 2003 letter falsely stated that "We are not debt collectors" in

violation of the FDCPA, 15 U.S.C. § 1692e(10) and § 1692f.  (A copy of this April 9, 2003 letter

is attached to the Complaint).

11.     H&E and Hair failed to include in their April 9, 2003 letter a statement that the debt collector

(H&E) is attempting to collect a debt and that any information obtained will be used for that

purpose, in violation of the FDCPA, 15 U.S.C. § 1692e(11).

12.     H&E and Hair failed to include in their April 9, 2003 letter, or in any other communication sent

within five days of this letter, a statement that unless the consumer disputes the validity of the

debt within 30 days, the debt will be assumed by the debt collector to be valid, in violation of 15

U.S.C. § 1692g(a)(3).

13.     H&E and Hair failed to include in their April 9, 2003 letter, or in any other communication sent

within five days of this letter, a statement that if the consumer notifies the debt collector in

3

writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment and a copy of such a verification or judgment will be mailed to the consumer by the debt collector, in violation of 15 U.S.C. § 1692g(a)(4).

14.   H&E and Hair had previously included some of the FDCPA's required disclosure in past collection letters to Plaintiff, but intentionally and falsely omitted them and also stated that H&E is not a debt collector in the April 9, 2003, because Plaintiff had previously sued H&E for FDCPA violations in Prince George's County Circuit Court in *Robinson v. Prophecy Homeowners Assoc. et al.*, CAL-00-25507, and Defendants did so to mislead and deceive Plaintiff about his rights.

### H&E's and Hair's second letter on May 31, 2003

15.   On or about May 31, 2003 Defendants H&E and Hair sent Plaintiff a second letter to attempt to collect a debt Plaintiff allegedly owed the Prophecy Homeowners Association, Inc, for past due homeowners fees. (A copy of this May 31, 2003 letter is attached to the Complaint).

16.   H&E's May 31, 2003 letter failed to include a statement that the debt collector (H&E) is attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11).

17.   H&E and Hair in fact both regularly collects the debts of others, including debts allegedly owed to the Prophecy Homeowner's Association, Inc. by member homeowners such as Plaintiff, and is paid to do so as performance of H&E's duties under a contract between H&E and Prophecy.

18.   H&E and Hair both failed to register with the State of Maryland as a collection agency or debt collector, as is required of them by the Maryland Collection Agency Licensing Act, Maryland Business Regulation article, § 7-301.

19.     A debt collector who violates state law during collection also violates the FDCPA

**Kaplan and Kaplan, P.A.'s July 10, 2003 letter**

20.     On or about July 10, 2003 Defendant Kaplan sent Plaintiff Robinson a confusing and misleading

letter which asserted that Plaintiff owed two different amounts, $852.99 and $805.06, at least one

of which is an incorrect amount of debt allegedly owed by Plaintiff, and referenced an incorrect

three month period allegedly giving rise to the debt.  (A copy of Kaplan's July 10, 2003 letter is

attached herein to this Complaint).

21.     Kaplan's July 10, 2003 letter failed to identify the address of the party seeking to create the lien, the

contract giving the right to assert the lien, and the clear amount of the alleged damages, and thus did

not comply with the notice requirements of Maryland Real Property article § 14-203(b).  These

notice failures made any lien attempt unlawful, and by threatening to take action that cannot legally

be taken, Kaplan violated the FDCPA, 15 U.S.C. § 1692e(5), and MCDCA, CL § 14-202(8).

22.     Kaplan's July 10, 2003 letter asserts that the Prophecy Homeowner's Association By-laws provide

for the creation of a lien, which is false and misleading, in violation of 15 U.S.C. § 1692e.

23.     Upon information and belief, Plaintiff alleges that Prophecy Homeowner's Association may have

failed to deposit in the homeowner's depository maintained by the clerk of the Circuit Court the

disclosures of the Prophecy by-laws required by the Maryland Homeowners Association Act, Real

Property article § 11B–105(b)(6)(ii) and 11B-112(c).   Any such failure to deposit the required

disclosures in the court depository made any Prophecy By-law provisions unenforceable.

**Kaplan's July 29, 2003 letter and failure to verify or identify the authority for the debt**

24.     After Plaintiff sent Kaplan a letter dated July 22, 2003 disputing the debt, Kaplan sent Plaintiff a

letter dated July 29, 2003 in which Kaplan continued to collect the alleged debt, but failed to verify

or identify the debt and/or any actual or valid authority or document providing for the entire debt

alleged, including Kaplan's assertion of attorneys fees, and the continued threat of a lien asserted in

Kaplan's July 10, 2003 letter and carried through in its July 29, 2003 letter, in violation of the

FDCPA, 15 U.S.C. § 1692g(b).

### Kaplan's December 17, 2003 letter

25.     Despite these failures and the illegality and inability to enforce any lien or attempt to place a lien or

foreclose on Plaintiff's property, Kaplan nonetheless continued to try to collect the alleged debt, and

threatened to countersue and harass Plaintiff Robinson if Plaintiff asserted his legal rights, in a letter

dated December 17, 2003 from Kaplan to Plaintiff's undersigned attorney, in violation of 15 U.S.C.

§ 1692e, and MCDCA CL § 14-202(6).

### Kaplan's Lack of Meaningful Attorney Involvement in Collection Letters

26.     Kaplan's false or deceptive practices also include advertising Kaplan as a "Condominium &

Homeowners Association Specialists" through, *inter alia*, the Fall/Winter 2003/3004 issue of the

Maryland Homeowners' Association, Inc. newsletter "Communicator," in violation of ethical

guidelines prohibiting attorneys from advertising themselves as specialists. (A copy of Kaplan's

"Communicator" ad touting itself as a homeowner's specialist is attached herein).

27.     Upon information Plaintiff alleges that the factual and legal mistakes and errors in Kaplan's July 10,

2003 letter, which Kaplan did not even attempt to correct until after Plaintiff subsequently contacted

Kaplan, were due to the letter's preparation by a lower level Kaplan employee without meaningful

or adequate attorney involvement in preparing the letter or review of Plaintiff's file or the applicable

facts, and by attorney Arthur Kaplan simply signing off on the letter, one of many letters in a high

volume debt collection practice, in violation of the FDCPA, 15 U.S.C. § 1692e(3) and/or 1692e(10).

### Kaplan's Improper Claim to and Self-Adjudication of Attorney's Fees

28.    Despite the fact that Prophecy had no right to enforce a lien or foreclose on Plaintiff's property under the Prophecy By-laws, Kaplan asserted in it's July 10, 2003 letter it was due "attorneys fees" of $195.69, when there are no provisions for attorneys fees in the Prophecy By-laws referenced in Kaplan's July 10, 2003 letter, and this action constitutes harassing, abusive, misleading and unfair deceptive, in violation of the  FDCPA, 15 U.S.C. § 1692d and/or § 1692e and/or § 1692f and the MCDCA, CL § 14-202(8).

29.    Even if Kaplan had a right to attorneys fees under the Prophecy Covenants, as opposed to the By-laws cited and asserted by Kaplan, any right was to "reasonable attorneys fees" which must be adjudicated by a Court, and not to "attorneys fees" which the collecting attorney would and in Kaplan's case did decide for itself.  Kaplan's assertion in its July 10, 2003 letter to "attorney's fees" rather than to "reasonable attorney's fees" is false and deceptive, because it misleads the consumer into believing they have no right to challenge the attorney's fees the collecting attorney adds to the debt, and this deceptive letter violates the FDCPA,  15 U.S.C. § 1692e(2) and/or § 1692e(10) and/or § 1692f.

30.    Even if a right to "reasonable attorneys fees" existed, Kaplan had no legal right to self-adjudicate what constituted "reasonable attorneys fees" for any of its collection efforts, and Kaplan's determination and assertion that Plaintiff owed the fee amount(s) that Kaplan alone decided were reasonable, without court adjudication, is an unfair and deceptive practice, in violation of the FDCPA, 15 U.S.C. § 1692e(2) and/or § 1692e(10) and/or 1692f(1).

### Illegal Parking Policy Used to Collect Debts

31.    On or about August 13, 2003, Defendants posted in the common parking areas throughout the

Prophecy community, without notice thereof, signs which stated:

**RESERVED PERMIT PARKING ONLY**
**VISITORS MUST DISPLAY PERMIT**
**ALL UNAUTHORIZED**
**PARKING PROHIBITED**
**TOWED WITHOUT**
**NOTICE AT OWNER'S**
**RISK AND EXPENSE**
**STRICTLY ENFORCED 24/7**

32.    Defendants H&E and Kaplan were actively involved as debt collectors in the creation, approval

and/or distribution of the parking policy for Prophecy Homeowners Association that was designed

and used to coerce homeowners, including Plaintiff, to pay past due homeowners fees and/or

penalties, by threatening to take away a homeowner's parking rights and potentially towing their cars

away.

33.    Elrick P. Hair of H&E Management issued a Memorandum dated August 29, 2003 on H&E

letterhead which was sent to all Prophecy residents announcing the parking policy.

34.    Kaplan approved the Prophecy parking policy in an opinion letter dated December 9, 2002.

35.    The parking policy was instituted without the required approval or recorded vote of the Prophecy

Homeowners Association's Board of Directors and 75% of the eligible Prophecy members, which

is required by the Prophecy articles of incorporation, covenants and/or by-laws, and these voting

failures renders the policy and any attempt to enforce the policy void and illegal.

36.    In addition to improper passage without a properly taken and recorded Board vote, the parking policy

was unfair, deceptive and harassing because it subjected an alleged debtor to two potential penalties

for failure to pay a single debt - both a lien, and the loss of parking rights.

37.    Upon information and belief, Plaintiff alleges H&E Management assisted with publication of The

Prophecy Post newsletter, which falsely stated that the Prophecy Board had approved an amendment

that will revoke parking privileges of homeowners with delinquent fees, and that H&E ordered and

had  printed about 1,000 permits to be issued in furtherance of enforcing the parking policy.

38.    The parking policy announced in August 2003 was never formally rescinded, and H&E assisted with

the erection of additional signs to enforce the policy during March 2004 that stated:

**ALL UNAUTHORIZED**
**PARKING PROHIBITED**
**VEHICLES WILL BE**
**TOWED WITHOUT**
**NOTICE AT THE**
**OWNER'S EXPENSE**
**IF TOWED CALL BIG D'S TOWING**
**301-702-8500**

About 15-20 of these signs are currently posted throughout the Prophecy community property.

39.    The continued use of the parking policy as a means to collect debts, erection and maintenance of

parking enforcement signs, and false claims to legal authority for the policy is harassing, abusive,

false misleading and unfair conduct by Defendants and violates the FDCPA, 15 U.S.C. § 1692d

and/or § 1692e and/or § 1692f.

### Damages

40.    As a result of Defendants' actions, Plaintiff suffered damages, including mental and emotional stress,

loss of sleep, fear of having his car towed away under the parking policy, having to spend time doing

legal research to understand and disprove Defendants unfounded and/or unclear legal claims, having

to consult with an attorney and incurring actual or potential legal fees, having to file for a TRO to

challenge the illegal parking policy, and out of packet expenses for long distance telephone calls and

faxes to and copying of documents for his attorney.

## Relief Sought

## COUNT 1

41.     Plaintiff incorporates all previous paragraphs as if fully stated herein, and demands:

(1)     actual damages for each separate violation of the FDCPA by each individual Defendant, pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     statutory damages of $1,000 for each separate violation of the FDCPA by each Defendant, pursuant to 15 U.S.C. § 1692k(a)( 2)(A);

(3)     costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)( 3);

## COUNT 2

(4)     actual damages, costs and reasonable attorneys fees for each separate violation of the MCDCA;

(5)     such other relief as the Court deems just and equitable.

## REQUEST FOR JURY TRIAL

The Plaintiff requests a jury trial for all such issues triable to a jury.

Respectfully Submitted,

Michael C. Worsham, Esq.
1916 Cosner Road
Forest Hill, Maryland 21050-2210
(410) 557-6192;   Fax: (410) 510-1870
michael@worshamlaw.com
Maryland Federal Bar # 25923

*Attorney for Plaintiff*
April 2, 2004